Lois Marie BYRD and Peggy Ann Hermann, Plaintiffs,

v.

UNIFIED SCHOOL DISTRICT NO. 1 OF RACINE, WISCONSIN, Lowell McNeill, Individually and as a member and president of the Board of Education, Lawrence Hunt, Gilbert Berthelsen, Harold Hay, Mitchell Olley, Howard McClennan, Marilyn Langdon, Lois Hammes, Howard Stanton, Individually and as members of the Board of Education, C. Richard Nelson, Superintendent Individually, and as Superintendent of Schools, and Delbert L. Fritchen, Director of Personnel, Individually, and as director of personnel in the office of the superintendent, Defendants.

Civ. A. No. 73–C–685.

United States District Court, E. D. Wisconsin.

July 19, 1978.

622

Curry First, Milwaukee, Wis., for plaintiffs.

Kenneth Hostak, Racine, Wis., for defendants.

## DECISION AND ORDER

REYNOLDS, Chief Judge.

Before the court in this pregnancy-related sex discrimination case are the plaintiffs' and the defendants' cross motions for summary judgment in which the validity of a particular provision of a governing collective bargaining agreement is contested. The action is brought pursuant to the Fourteenth Amendment of the United States Constitution; Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e et seq., as amended by the Equal Employment Opportunity Act of 1972; and the Civil Rights Act of 1871, 42 U.S.C. § 1983, and this court has jurisdiction pursuant to 28 U.S.C. § 1343.

The plaintiffs are formerly pregnant teachers and employees of the defendant school district, and they contest the validity of a provision of the collective bargaining agreement governing their relationship with the defendant and providing that only male teachers may be allowed a paid day of absence from teaching to attend the birth or adoption of a child. For the reasons stated below, the court grants the plaintiffs' motion and denies the defendants' motion with regard to the Title VII claim and finds it unnecessary to discuss the claims raised under the Fourteenth Amendment and the Civil Rights Act of 1871.*

* As originally filed with the court, this action contested only the validity of the defendants' policy of refusing to allow pregnant teachers to take a paid sick leave of absence rather than an unpaid maternity leave of absence for childbearing purposes. However, following the Supreme Court's decision in *Nashville Gas Company v. Satty,* 434 U.S. 136, 98 S.Ct. 347, 54 L.Ed.2d 356 (1977), the plaintiffs notified the court by letter that all issues in the case have been dropped but that of the validity of the defendants' allowance of a day of paid leave of absence to male teachers to attend a birth or adoption. It should further be noted that neither the plaintiffs' original complaint nor its amended complaint raised the issue of the validity of the special allowance of the extra paid day of leave for male teachers, and the plaintiffs did not specifically present the issue of the validity of the allowance of the extra day of paid leave to male teachers to the Equal Employment Opportunity Commission in the plaintiffs' complaint to that Commission. In fact, the plaintiffs' summary judgment motion did not even raise that issue, and it was only in a status letter report filed with the court four years after the commencement of the action that that issue was first raised. The plaintiffs argued the issue for the first time in their reply brief to the defendants' summary judgment motion and argued it in only cursory fashion. Nevertheless, the court has determined to rule upon the issue at this time since the defendants have had an opportunity to argue the issue and

Based upon the affidavits submitted with the summary judgment motions and the exhibits submitted with the amended complaint, the court makes the following findings of fact:

1) As of November 10, 1972, plaintiff Lois Byrd was employed as a teacher by the defendant school district. Plaintiff Byrd took a leave of absence from teaching without pay from November 10, 1972, to January 2, 1973, for child bearing purposes. She gave birth on November 21, 1972, and returned to teaching in the employ of the defendant school district on January 2, 1973.

2) As of September 27, 1973, plaintiff Peggy Hermann was employed as a teacher by the defendant school district. Plaintiff Hermann took a leave of absence from teaching without pay from September 27, 1973, to October 29, 1973, for child bearing purposes. She gave birth on October 20, 1973, and returned to teaching in the employ of the defendant school district on October 29, 1973.

3) During the period of August 25, 1972, to August 24, 1974, the employment relationship between the plaintiffs and the defendant school district was governed by a collective bargaining agreement known as a Professional Agreement, which was executed by the Racine Education Association—the duly certified exclusive bargaining representative of the plaintiffs—and the defendant school district.

4) The collective bargaining agreement provided in section XV(2)(f)(3) that "A pregnant teacher shall begin a maternity leave of absence commencing no later than three months before the anticipated date of delivery." Despite the mandatory nature of the language of this provision, the defendants did not require pregnant teachers to take a leave of absence at any specified date so long as the teachers were able to

perform their duties properly. The plaintiffs were not compelled by the defendants to take maternity leaves. The plaintiffs requested and were granted maternity leaves.

5) The collective bargaining agreement covered the conditions under which teachers were allowed to take leaves of absence. Section XV(1) of the agreement provided that "Leaves of absence without loss of pay will be granted as follows: . . . c. A male teacher may be absent no more than one day to attend the delivery or adoption of his child." A teacher who is in an unpaid leave of absence is not entitled under the agreement to take paid leaves of absence for sickness or for attending the delivery or adoption of his child even though he would have been entitled to a paid leave of absence had he been actively employed at the time of the sickness or the delivery or adoption of his child.

6) Prior to taking their leaves of absence for child bearing purposes the plaintiffs requested of the defendants that the plaintiffs be allowed to take sick leaves of absence with pay rather than maternity leaves of absence without pay. These requests were denied, and the plaintiffs took maternity leaves of absence without pay.

7) The plaintiffs brought complaints charging discrimination on the basis of sex before the Equal Employment Opportunity Commission, and received letters of notice of right to sue on November 8 and 9, 1973.

8) The defendant Racine Unified School District No. 1 is a board of education organized and existing under the laws of the state of Wisconsin and the city of Racine. The defendant Lowell McNeill was the president of the board of education at the time of the commencement of this suit, and the defendants Lawrence Hunt, Gilbert Berthelsen, Harold Hay, Mitchell Olley,

since little purpose would be served by requiring the plaintiffs formally to amend the complaint at this late date.

This court has jurisdiction to hear and determine this issue although the issue was not presented to the Equal Employment Opportunity Commission because under the test of *Jen-*

*kins v. Blue Cross Mutual Hospital Ins., Inc.,* 522 F.2d 1235, 1241 (7th Cir. 1975), cert. denied, 429 U.S. 986, 97 S.Ct. 506, 50 L.Ed.2d 598 (1977), the issue now raised by the plaintiffs is reasonably related to the pregnancy-related discrimination charges brought before the Equal Employment Opportunity Commission.

Howard McClennan, Marilyn Langdon, Lois Hammes, and Howard Stanton were members of the board of education at the time of the commencement of this suit. The defendant C. Richard Nelson was the superintendent of the defendant school district and the defendant Delbert Fritchen was the director of personnel of the defendant school district at the time of the commencement of this suit.

As noted above, the dispute in these cross motions for summary judgment centers upon the issue of whether or not the defendants' allowance of one day of paid leave of absence for a birth or adoption to males but not females constitutes unlawful discrimination with respect to terms or conditions of employment. The plaintiffs argue that this policy creates an explicitly discriminatory condition of employment in that the collective bargaining agreement limits the benefit to males alone. Since the defendants have offered no justification whatsoever for limiting this special benefit to male teachers, this would be an easy case and the defendants would patently be guilty of discrimination if the collective bargaining agreement provision creating this special benefit stood alone.

However, the provision of the bargaining agreement creating the benefit does not stand alone; the defendants also have an apparently unwritten policy of granting this special day of leave only to teachers who are not already in unpaid leaves of absence, that is only to teachers who are actively teaching at the time the special day of leave is requested. This policy, the defendants argue, eliminates the standing of the plaintiffs to contest the explicitly discriminatory provision of the bargaining agreement allowing only male teachers to take the special day of leave, for the plaintiffs were in an unpaid leave of absence status at the time they gave birth, and teachers, whether male or female, on unpaid leave status are not entitled to take the special day of paid leave in any event. The defendants' argument is that even if the bargaining agreement did not limit the special day of leave to males only, the plaintiffs would have been barred by the other policy from taking the special day of paid leave for the delivery of their children. Since the plaintiffs could not in any event have taken the special day of paid leave, they allegedly were not damaged by the explicitly discriminatory nature of the bargaining agreement provision creating the special day of paid leave.

In response, the plaintiffs have not addressed the defendants' argument as to the plaintiffs' lack of standing, nor have the plaintiffs challenged the validity of the defendants' policy whereby teachers, whether male or female, in unpaid leave status, are not allowed to take any type of paid leave of absence.

Thus, an application of the traditional rule that a policy is presumed valid until the contrary is proven, cf. *General Electric Co. v. Gilbert,* 429 U.S. 125, 137, n. 14, 97 S.Ct. 401, 50 L.Ed.2d 433 (1976), would seem to call for a grant of summary judgment in favor of the defendants. Nevertheless, despite the lack of explicit argument on the point by the plaintiffs, the court is of the opinion that the record reveals a *prima facie* case of discrimination by the defendants on the basis of sex in violation of Title VII and that the plaintiffs have standing to challenge the defendants' practices as victims of that discrimination.

According to the Supreme Court, "a prima facie violation of Title VII can be established in some circumstances upon proof that the *effect* of an otherwise facially neutral plan or classification is to discriminate against members of one class or another. See *Washington v. Davis,* 426 U.S. 229, 246–248, [96 S.Ct. 2040, 48 L.Ed.2d 597] (1976)." *General Electric Co. v. Gilbert,* 429 U.S. at 137, 97 S.Ct. at 408 (emphasis in original). Under this standard a *prima facie* case of discrimination against females in the instant case has been shown because the effect of the combination of the defendants' policies regarding the special day of paid leave to attend a delivery or birth is to discriminate against females. The defendants' two policies of granting a paid day of leave to male teachers to attend

a birth or adoption and of not allowing teachers on unpaid leaves of absence to take any paid leave time grant a benefit to male teachers that females can never enjoy, the extra day of paid leave to attend a birth or adoption. Females can never enjoy this benefit because the collective bargaining agreement explicitly limits the benefit to male teachers and because in many or all cases a pregnant female teacher will already be in unpaid leave status, maternity leave, at the time of the delivery of her child. A *prima facie* case under Title VII is established where, as here, a benefit is provided to members of one sex that is not given to members of the other sex.

As noted above, the defendants have challenged the plaintiffs' standing to complain about the bargaining agreement provision limiting the special day of leave to male teachers. According to the defendants, the plaintiffs have no standing because even if the special day of leave had not been limited to male teachers, the plaintiffs would have been barred from taking the special day of leave by the defendants' policy that teachers already in unpaid leave status, including maternity leave, cannot take the special day of paid leave. This argument as to the plaintiffs' standing is fallacious for the reason that it ignores the discriminatory effect that arises against female teachers no matter which of the defendants' two policies is looked to. Even if one supposes that the special day of leave was not explicitly limited to male teachers, female teachers would still be barred by the defendants' other policy from enjoying a benefit that male teachers could enjoy. This giving of a benefit to members of one sex but not to members of another establishes a *prima facie* case of a Title VII violation, and the plaintiffs, as persons who were not allowed to enjoy the benefit of the special day of paid leave, have standing to complain of the violation.

The defendants' policy of disallowing teachers already in unpaid leave status from taking paid leaves of absence for any reason might seem to be neutral and non-discriminatory on its face, since it would

have the effect of disqualifying both men and women teachers from taking paid leaves of absence. But the general non-discriminatory nature of this policy does not overcome the foreseeable discriminatory effect that arises from the combination of this policy with the bargaining agreement provision for a special day of paid leave to attend a delivery or adoption. As noted above, this policy has the discriminatory effect of barring females from ever enjoying the special day of paid leave, and the facial neutrality of this policy does not remove its discriminatory effect.

Nor does the Supreme Court's trilogy of pregnancy-related discrimination cases, *Geduldig v. Aiello,* 417 U.S. 484, 94 S.Ct. 2485, 41 L.Ed.2d 256 (1974), *General Electric Co. v. Gilbert,* supra, and *Nashville Gas Co. v. Satty,* 434 U.S. 136, 98 S.Ct. 347, 54 L.Ed.2d 356, (1977), call for a conclusion that a *prima facie* case of discrimination has not been established. It is true that the Court in those cases found no gender-based discrimination and stated in *Geduldig,* "While it is true that only women can become pregnant, it does not follow that every legislative classification concerning pregnancy is a sex-based classification like those considered in [*Reed v. Reed,* 404 U.S. 71, 92 S.Ct. 251, 30 L.Ed.2d 225 (1971)] and [*Frontiero v. Richardson,* 411 U.S. 677, 93 S.Ct. 1764, 36 L.Ed.2d 583 (1973)]," 417 U.S. at 496, n. 20, 94 S.Ct. at 2492. However, the basis of the decisions in *Geduldig, General Electric,* and *Nashville Gas* was that men and women were receiving equal benefits under the employer plans in question; "[n]o evidence was produced to suggest that men received more benefits . . . than did women," *Nashville Gas Co. v. Satty,* upra, 434 U.S. at 141, 98 S.Ct. at 351. Unlike those three pregnancy-related discrimination cases, the instant case does involve a situation in which male teachers are given a benefit that female teachers are not. Male teachers receive an extra day of paid leave time or at least have the possibility of taking such an extra day, while female teachers can never take such an extra day of paid leave time, for they are barred both by the explicitly discriminatory nature

of the relevant provision of the collective bargaining agreement and by the defendants' policy of disallowing the extra day of paid leave to teachers in unpaid leave status, such as maternity leave.

 The foregoing analysis reveals that a *prima facie* case of a violation of Title VII by the defendants has been established. A *prima facie* case having been made, "the burden shifts to the defendant[s] to articulate legitimate nondiscriminatory reasons for the unequal treatment shown in the prima facie case," *Ostapowicz v. Johnson,* 541 F.2d 394, 399 (3d Cir. 1976). The defendants have come forward with no such legitimate reason for according different benefits to males than to females in this case, and therefore a conclusive violation of Title VII must be found. No material facts remain in dispute, and the foregoing analysis establishes that the plaintiffs are entitled to judgment as a matter of law. Therefore, in accordance with Rule 56 of the Federal Rules of Civil Procedure, summary judgment will be granted in favor of the plaintiffs.

As to the appropriate remedy to grant to the plaintiffs in this case, the plaintiffs have indicated that what they each seek is a single day's pay to compensate for the day's pay that would have been given to a male teacher to attend delivery of his child. See letters of February 25, 1977, and March 15, 1978, from plaintiffs' counsel to the court. The defendants having discriminated against the plaintiffs in the plaintiffs' terms and conditions of employment, the plaintiffs will each be granted a single day's pay as the appropriate remedy for the discrimination. Because the defendants have been found liable for violating Title VII, the court deems it unnecessary to address the claims presented by the plaintiffs under the Fourteenth Amendment and 42 U.S.C. § 1983. The full measure of relief requested by the plaintiffs is being granted under their Title VII claim.

For the above reasons, the plaintiffs are entitled to summary judgment granting each of them a single day's pay.

NOW, THEREFORE, IT IS ORDERED that summary judgment is granted in favor of the plaintiffs against the defendants; and

IT IS FURTHER ORDERED that the defendants are directed to pay to each of the plaintiffs a single day's pay according to the pay scale under which the plaintiffs were employed on the dates they gave birth, November 21, 1972, and October 20, 1973, respectively.